**Edmond Elijah JENSEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22554.**

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1968.

Norman J. Kaplan, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for the United States.

Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS*, District Judge.

BARNES, Circuit Judge:

Jensen and codefendant Smith were tried in six counts on charges of: (1) concealing, (2) selling and (3) selling without a Treasury form, two separate amounts of heroin—first on February 28, 1967 and second on March 8, 1967.

On each occasion there was proof from the Government agent that shortly before defendant Smith delivered the respective heroin to a government informer, he (Smith) had contacted a person using a gray Hillman auto.[1]

Smith got into the Hillman auto with Jensen on February 28, 1967 and talked to Jensen outside the Hillman auto on March 8, 1967. Smith returned directly to the government agent with the heroin after leaving the Hillman auto on February 28, 1967; and returned to the government agent with the heroin after go-

---

* Hon. Ray McNichols, District Judge, United States District Court, Boise, Idaho, sitting by designation.

1. On February 27, 1967, defendant Smith had endeavored to effect a purchase, and a white car had driven by, but no sale was made. One of the agents was "quite sure" the driver of the white auto was defendant Jensen, but later stated he "could be in error" and he was "not certain."

ing from the Hillman auto to a rest room, and then to the agent, on March 8, 1967.

 There was no direct testimony Jensen ever was seen with heroin in his possession; nor of any transfer or delivery of anything by Jensen to Smith, or anyone else. The Hillman auto was licensed to a third person. No money—marked or unmarked—was ever proved passed to Jensen, or to anyone on his behalf.

There was evidence of statements allegedly made by Smith, involving and incriminating Jensen, but this was hearsay as to Jensen. Proper and timely objections were made on behalf of Jensen to such evidence, and the objections properly sustained by the trial judge as to Jensen.

In our opinion, Jensen may very well have been involved in these transactions, but there was no competent evidence to prove that anyone other than Smith had ever had possession, either actual or constructive, of the heroin sold and concealed on February 28, 1967 and March 8, 1967. *Smith was never searched before his contact with Jensen.* There was no testimony showing Jensen "had touched, possessed, sold, or conspired to sell narcotics, * * * or received, used, passed or touched any money used in the transaction[s]" of February 28, 1967 and March 8, 1967. Ong Way Jong v. United States, 245 F.2d 392 (9th Cir. 1957).

We do not believe reasonable minds could find that the evidence excludes every hypothesis but that of guilt. Kaplan v. United States, 329 F.2d 561 (9th Cir. 1964); United States v. Saunders, 325 F.2d 840 (6th Cir. 1964). Cf. Panci v. United States, 256 F.2d 308 (5th Cir. 1958); United States v. Rossi, 219 F.2d 612 (2d Cir. 1955).

As an example, from the evidence before the court, Smith *could* have procured the heroin elsewhere, and so conducted the sale by contacting Jensen as to make him appear to be the supplier.

The only incriminating evidence against Jensen is that he was in contact with Smith on two occasions shortly before each sale from Smith to the federal agent. We can surmise—we can conjecture—but we cannot find substantial proof either of sale or possession by Jensen.

 Without any proof of possession in Jensen, the Government cannot rely on the presumption Jensen knew the heroin purchased from Smith was imported or brought into the United States contrary to law—an essential element of 21 U.S. C. § 174, and counts 4, 5, 7 and 8 of the current indictment.

 Nor is there any satisfactory proof of sale by Jensen of narcotics, either with or without a written order on a form issued by the Secretary of the Treasury of the United States.

The conviction of defendant Jensen on all six counts is reversed, and the matter is remanded with instructions to dismiss the indictments as to Jensen.